Filed 7/22/22 P. v. Guffie CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TOBIE ALLEN GUFFIE,<br><br>    Defendant and Appellant. | C094460<br><br>(Super. Ct. No. CR037200) |

After a jury found defendant Tobie Allen Guffie guilty of attempted murder, burglary, assault with a deadly weapon, and vandalism, the trial court sentenced defendant to life in prison for attempted murder and stayed execution of the sentences for the other offenses as required by Penal Code section 654 (statutory section citations that follow are to the Penal Code). On appeal, the parties agree the changes made by Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill 518), which amended section 654 to give trial courts discretion to select which punishment to execute when multiple provisions apply to the same criminal conduct, require us to vacate defendant's sentence and remand the case for the trial court to exercise its new discretion. We agree with the parties and will vacate defendant's sentence and remand for resentencing.

1

FACTS AND HISTORY OF THE PROCEEDINGS

After a woman ended a relationship with defendant, defendant became angry, broke into the victim's home, and stabbed the victim with a pitchfork. A jury found defendant guilty of premeditated attempted murder with a deadly weapon (§§ 187, subd. (a), 664, subd. (a), 12022, subd. (b)(1)), first degree burglary (§§ 459, 460, subd. (a)), assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)), and felony vandalism (§ 594). For premeditated attempted murder, the trial court sentenced defendant to life in prison with the possibility of parole. The trial court stayed execution of the sentences for the remaining offenses pursuant to section 654.

Shortly after defendant filed his notice of appeal, the Legislature passed Assembly Bill 518, which amended section 654, granting trial courts discretion to select which one of multiple applicable punishments to execute, regardless of the length of each potential term of imprisonment. (§ 654, as amended by Stats. 2021, ch. 441, § 1.)

DISCUSSION

Both parties agree that Assembly Bill 518 applies retroactively to defendant's nonfinal sentence. We agree with the parties. "Because Assembly Bill 518 was enacted while defendant's appeal was not yet final and it provides the trial court new discretion to impose a lower sentence, defendant is entitled to its ameliorative benefit." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

We also agree with the parties that applying Assembly Bill 518 retroactively requires us to vacate defendant's sentence and remand for the trial court to exercise its new discretion. "Previously, where Penal Code section 654 applied, the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term[s]. (Pen. Code, § 654, former subd. (a).) As amended by Assembly Bill 518, Penal Code section 654 now provides the trial court with discretion to impose and execute the sentence of [any] term, which could

2

result in the trial court imposing and executing [a] shorter sentence rather than the longe[st] sentence." (*People v. Mani, supra*, 74 Cal.App.5th at p. 379.)

At the time it sentenced defendant, the trial court had no discretion to impose punishment for any offense other than attempted murder. The trial court followed the statutory dictate and gave no other reason for selecting the sentence, so we presume the trial court was, properly, not exercising discretion not yet granted to it. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390 ["Absent evidence to the contrary, we presume that the trial court knew and applied the governing law"].) Accordingly, applying Assembly Bill 518 retroactively, we conclude the trial court was "unaware of the scope of its discretionary powers." (*Id.* at p. 1391.) Thus, the appropriate remedy is to remand for resentencing, unless the record clearly indicates the trial court would have imposed the same sentence " 'even if it had been aware that it had such discretion.' " (*Ibid.*) We see no such clear indication—nor have the parties identified any—so we will remand for resentencing.

## DISPOSITION

Defendant's sentence is vacated, and the case is remanded for resentencing.

_____
HULL, Acting P. J.

We concur:

_____
DUARTE, J.

_____
HOCH, J.